*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, PENNIX, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Michael NUZZO III**
Culinary Specialist Third Class (E-4), U.S. Navy
*Appellant*

**No. 202000072**

Decided: 9 August 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Chad C. Temple

Sentence adjudged 10 December 2019 by a general court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 24 months, and a bad-conduct discharge.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Lieutenant Commander Nicholas N. Joy, JAGC, USN*
*Lieutenant Kevin G. Edwards II, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of one specification of aggravated assault and two specifications of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice [UCMJ],[1] for strangling a fellow service member, biting her, and striking her in the face.

Appellant raises as his sole assignment of error that the convening authority erred by taking no action on the sentence for offenses that were committed prior to 1 January 2019; he asks us to remand for remedial post-trial processing. We find the convening authority's lack of action on the sentence amounts to harmless error, and we affirm the findings and sentence.

## I. BACKGROUND

The Charge and specifications that Appellant was convicted of occurred in November 2017 and were referred to court-martial in October 2019. At trial, Appellant was sentenced to reduction to E-1, confinement for 24 months, and a bad-conduct discharge. His clemency request asked the convening authority to "favorably recommend[ ] that the Naval Clemency and Parole Board grant [him] parole at the earliest opportunity."[2] The convening authority stated in his subsequent action, "I take no action on the findings or sentence in this case."[3]

---

[1] 10 U.S.C. § 928.

[2] Clemency Request at 1.

[3] Convening authority action at 2.

## II. DISCUSSION

As we have previously discussed, "the version of Article 60, UCMJ, in effect at the time of an appellant's earliest offense is applicable to the extent it: requires convening authority action on the sentence . . . and authorizes the convening authority to approve, disapprove, commute, or suspend the sentence."[4] We retain jurisdiction for cases where the convening authority fails to take action on the sentence for offenses that occurred prior to 1 January 2019 if those cases were referred to court-martial after 1 January 2019.[5] As this is such a case, we retain jurisdiction and test any errors for prejudice under Article 59(a), UCMJ.[6]

Under the version of Article 60, UCMJ, in effect at the time of the earliest of Appellant's offenses resulting in conviction, the convening authority's options were to "approve, disapprove, commute, or suspend the sentence of a court-martial in whole or in part."[7] Since the statement, "I take no action on the findings or sentence in this case," does not satisfy any of these options, we find the convening authority's action was erroneous.

However, we find Appellant was not prejudiced by the error. Appellant's clemency request, as noted in the staff judge advocate's review, was for the convening authority to favorably endorse Appellant's parole request to the

---

[4] *United States v. Pearson*, 81 M.J. 592, 601 n.21 (N-M. Ct. Crim. App. 2021) (citing *2018 Amendments to the Manual for Courts-Martial, United States*, Exec. Order 13,825, 83 Fed. Reg. 9,889, 9,890, sec 6.(b) (Mar. 1, 2018)). We are aware of our superior court's recent decision in *United States v. Brubaker-Escobar,* ___ M.J. ___, No. 20-0345/AR, 2021 CAAF LEXIS 508 at *8, 10 (C.A.A.F. June 4, 2021) (holding that the President's Executive Order "is inconsistent with the [Military Justice Act of 2016 [MJA]] to the extent it orders convening authorities to apply pre-MJA post-trial procedures to cases in which no UCMJ action was taken before the MJA's effective date, January 1, 2019," and that the Executive Order can no longer be used to apply the old Article 60, UCMJ "to cases in which no action was taken under the UCMJ before January 1, 2019"). We are also aware of CAAF's subsequent vacation of that holding and granting of reconsideration in that case due to the appellant and appellee's joint motion "citing for the first time a statute directly relevant to the granted issue." *United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345/AR, 2021 CAAF LEXIS 683 at *1 (C.A.A.F. July 19, 2021). As CAAF's interpretation of the law is currently unsettled, we maintain and apply the precedent we established in *Pearson*.

[5] *Brubaker-Escobar*, ___ M.J. ___, 2021 CAAF LEXIS 683 at *17.

[6] *See id.*

[7] Article 60(c)(2)(B) (2016), UCMJ.

Naval Clemency and Parole Board, and thus does not contain any "matters that may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence."[8] As the clemency request was beyond the scope of R.C.M. 1105, we find that any lack of response by the convening authority is not prejudicial and therefore, as in *Pearson*, "the convening authority's failure to take action on the sentence constitutes harmless error."[9]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[10]

The findings and sentence in the Entry of Judgment are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[8] Rule for Courts-Martial [R.C.M.] 1105(b).

[9] *Pearson*, 2021 CCA LEXIS 130, at *18.

[10] Articles 59 & 66, UCMJ.